UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
DAVID PEREZ aka ALEX DE LOS SANTOS SANCHEZ,

      Plaintiff,

-against-

METROPOLITAN DETENTION CENTER - BROOKLYN, and FEDERAL BUREAU OF PRISONS, and the UNITED STATES DEPARTMENT OF JUSTICE, and JANE DOE, JOHN DOE, JOHN DOE II, and JOHN DOE III, all of whom are sued individually and in their official capacities,

      Defendants.
---------------------------------------------------------

**COMPLAINT**

**Jury Trial Demanded**

1. Plaintiff brings this action to recover compensatory and punitive damages, attorney's fees and costs, pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the United States Constitution caused by the conduct of the Defendants, each of whom are sued in their individual and official capacities.

2. Plaintiff is a prisoner at the Metropolitan Detention Center Brooklyn (hereinafter, "the MDC"), whose life and physical health has been thrown into disarray following the actions and inactions of the Defendant prisoner officer Jane Doe and personnel at the MDC.

3. Defendant prisoner officer Jane Doe, Defendant prisoner officer John Doe, Defendant medical

his capacity as a warden under color of federal law.

**Jurisdiction and Venue**

5. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident giving rise to the claims took place in Kings County.

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Statement of Facts**

8. On 10/26/2021 around 9:30pm, Plaintiff was sleeping in his cell when a female officer, JANE DOE, banged on his door and shouted at him to turn on his lights for the count. Because Plaintiff was made nervous and was startled by the loud noise the officer made, as Plaintiff emerged from the top bunk, he accidentally fell and injured his back severely. Plaintiff screamed out in pain and then begged for medical help. Rather than obtaining medical treatment for Plaintiff, JANE DOE opened the cell door aggressively in the

area where Plaintiff lay writhing in pain, striking Plaintiff in the face and eye and injuring him further.

9. Despite his visible pain, JANE DOE mocked and taunted Plaintiff. Furthermore, JANE DOE did not call for any medical assistance and Plaintiff was left until midday the next day lying on the floor of his cell in excruciating pain without medical assistance. Defendant JOHN DOE, while completing his rounds, ignored Plaintiff's pleas for medical assistance.

10. Plaintiff was seen by the doctor and put on pain medication. However, he was also given an injection which had adverse effects and made him very sick. Plaintiff also lost partial sight in his injured right eye yet his treating doctor told him there was nothing wrong with him.

11. After six (6) months of having his medical complaints ignored by defendants and with his medical conditions deteriorating as a result, Plaintiff was finally put on different pain medication. Additionally, in this period, Plaintiff at times could not move to the cafeteria to get breakfast due to the pain.

12. Additionally, due to the negligence of the prison workers, there were times Plaintiff was not given enough breakfast to be able to take the medication so he had to skip taking the medication leaving him in terrible pain.

For these months Plaintiff walked with crutches, causing his armpits to be bruised throughout.

13. Plaintiff finally had a surgery a year later in October 2022. The doctor told him he would have to come back in 2 (two) weeks for an MRI. To this date, the prison has not returned Plaintiff to the doctor to have a check-up.

### Plaintiffs' Cause of Action for Cruel and Unusual Punishment in Contravention of the Eighth Amendment

14. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

15. In committing the acts and omissions complained of herein, Defendants acted under color of federal law to deprive Plaintiff of his federal Constitutional rights, including those under the Eighth Amendment pursuant to 42 U.S.C. Section 1983, causing Plaintiff harm and damages.

### Plaintiffs' Cause of Action for Deliberate Indifference to a Serious Medical Condition or a Substantial Risk of Harm

16. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

17. In committing the acts and omissions complained of herein, Defendants acted under color of federal law to deprive Plaintiff of his federal Constitutional rights, including those pursuant to 18 U.S.C. § 242. Section

242, causing Plaintiff harm and damages.

**Plaintiffs' Cause of Action for Battery**

18. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

19. On 10/26/2021, Defendant Jane Doe, pushed, shoved and/or struck Plaintiff on his person.

20. Defendant Jane Doe's shove and/or striking of the Plaintiff was intentional.

21. Defendant Jane Doe's push, shove and/or striking of the Plaintiff was offensive.

22. Defendant Jane Doe's push, shove and/or striking of the Plaintiff was physically harmful to Plaintiff.

23. Defendant Jane Doe's push, shove and/or striking of the Plaintiff on Plaintiff's person was without Plaintiff's consent.

24. As a result of the foregoing, Plaintiff sustained actual damages for which Plaintiff is entitled to just compensation, including, but not limited to physical injuries, mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

**Plaintiffs' Cause of Action for Assault**

25. Plaintiff re-alleges and incorporate by

reference the allegations set forth above.

26. On 10/26/2021, Defendant Jane Doe, pushed, shoved and/or struck Plaintiff on his person.

27. Defendant Jane Doe's shove and/or striking of the Plaintiff was intentional.

28. Defendant Jane Doe's push, shove and/or striking of the Plaintiff caused Plaintiff to reasonably experience fear and the apprehension of an imminent battery.

29. Defendant Jane Doe's push, shove and/or striking of the Plaintiff was without Plaintiff's consent.

30. As a result of the foregoing, Plaintiff sustained actual damages for which Plaintiff is entitled to just compensation, including, but not limited to mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

**Plaintiffs' Cause of Action for Negligence against Jane Doe, John Doe, John Doe II and John Doe III**

31. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

32. Defendants Jane Doe, John Doe, John Doe II, and John Doe III owed a duty to plaintiff to protect the plaintiff from a particular injury or damage.

33. Defendant Jane Doe, John Doe, John Doe II,

and John Doe III breached this duty.

34. Defendants Jane Doe, John Doe, John Doe II, and John Doe III's breach was the proximate cause of injury or damage to plaintiff.

35. Plaintiff suffered damages caused by Jane Doe, John Doe, John Doe II, and John Doe III's breach.

## Plaintiffs' Cause of Action for Excessive Use of Force against Jane Doe

36. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

37. On 10/26/2021, Defendant Jane Doe exercised an amount of physical force against Plaintiff that was unreasonable in light of the factual circumstances and which caused Plaintiff to suffer damages constituted cruel and unusual punishment in contravention of his rights under the Fourth Amendment.

## Plaintiffs' Cause of Action under the doctrine of *Respondeat Superior*

38. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

39. At all relevant times, Defendants Jane Doe,

John Doe, John Doe II, and John Doe III were the employees of Defendants METROPOLITAN DETENTION CENTER BROOKLYN and FEDERAL BUREAU OF PRISONS.

40. At all relevant times, Defendants Jane Doe, John Doe, John Doe II, and John Doe III were acting within the scope of their employment through their actions and omissions directed at Plaintiff.

41. Defendant METROPOLITAN DETENTION CENTER BROOKLYN and FEDERAL BUREAU OF PRISONS are vicariously liable to Plaintiff for the aforementioned acts and omissions of Jane Doe, John Doe, John Doe II, and John Doe III under the doctrine of *respondeat superior*.

42. As a result of the foregoing, Plaintiff sustained actual damages for which Plaintiff is entitled to just compensation, including, but not limited to physical injuries, mental distress, embarrassment, humiliation, inconvenience, insult, anxiety, emotional pain and suffering, and other economic and/or non-economic damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demand the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empaneling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
December 29, 2023

                              MUSA OBREGON LAW, P.C.
                              Attorney for Plaintiff

                              BY: Sami El Cherif

                              55-21 69th St.,
                              Maspeth, NY 11378
                              Tel: (718)-803-1000
                              Fax: (718) 249-5759
                              selcherif.molaw@gmail.com